**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE LUIS NAJERA HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2535-J** |
| | ) | |
| **FRED FIGUEROA, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jose Luis Najera Hernandez, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response, Doc. 8, and Petitioner's time to reply has expired. So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition.

**I. Analysis.**

Petitioner previously sought habeas relief in this Court. *See Hernandez v. Figueroa*, Case No. 26-cv-1875-J (W.D. Okla.) ("*Hernandez I*"). There, on September 1, 2026, U.S. Magistrate Judge Chris M. Stephens issued a Report and Recommendation (R&R) that recommended Petitioner receive a bond hearing or be released within seven days. *See Hernandez I*, Doc. 8. Judge Jones adopted the R&R on September 8, 2026. *See Hernandez I*, Doc. 10. Petitioner received a bond hearing on September 11, 2026, at which the Immigration Judge found Petitioner to be a flight risk. Doc. 8, Ex. 1, at 3.

Petitioner asserts Respondents did not comply with Judge Jones' order. Petitioner's timeliness argument measures the seven-day period from issuance of the Report and Recommendation on September 1, 2026. Doc. 1, at 10. The operative order, however, was entered on September 8, 2026, when Judge Jones adopted the Report and Recommendation. *Hernandez I*, Doc. 10. Because Petitioner received a bond hearing on September 11, 2026, the hearing occurred within seven days after entry of that order. Doc. 8, Ex. 1, at 3.

Petitioner raises no challenge to the process he received at the hearing. *See* Doc. 1. Accordingly, the petition should be denied and the case dismissed.

## II. Recommendation and notice of right to object.

For the reasons stated above, the undersigned recommends that the Court deny the petition for a writ of habeas corpus, Doc. 1, and dismiss this action.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 7, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE